JESSE W. PEEBLES *v.* JOSEPH A. PEEBLES and CHARLES
H. HORTON.

Courts of Equity in this State will not grant new trials of issues, sent
by them to be tried at law, merely because the verdict was against
the weight of evidence.

Where the issue sent for trial was, whether a certain conveyance from
A to B was in fraud of C, a creditor of A, and with the direction
that C should be plaintiff in the issue, and A and B co-defendants;
and upon the trial declarations made by A previous to the convey-
ance and whilst he was in possession of the land in regard to
the state of the accounts between himself and B, were allowed to
be given in evidence; *Held* that such declarations were not com-
petent as against B; also, that to prevent complications on a new
trial, A's name should be struck out of the issue.

ISSUE, sent from the Supreme Court sitting in Equity at
January Term last, to be tried at WAKE, tried by *Watts, J.,*
at Spring Term 1869.

The plaintiff, as creditor of Joseph Peebles, had filed a bill
against the defendants, charging fraud in a certain conveyance
of lands from such debtor to Horton, in February 1865. The
defence was that Joseph Peebles owed Horton also, and had
conveyed the land *bona fide* to pay the debt. Upon the case
being opened in the Supreme Court at last term, an issue was
ordered to be tried at law between Jesse Peebles as plaintiff, and
Joseph A. Peebles and Charles H. Horton as defendants, in-
volving the question of fraud.

Upon the trial the plaintiff was allowed to prove what
Joseph had said several years before, whilst in possession of
the land in controversy, as to the state of accounts betwixt
himself and Horton, for the purpose of showing that the alle-
gations as to the extent of indebtedness between them in 1865
was not true. The defendant excepted.

Verdict for the plaintiff.

In this Court the defendant moved for a new trial:

1. Because the verdict was against the weight of evidence.

2. Because of the admission of the declarations of Joseph
Peebles.

*Haywood*, and *Rogers & Batchelor*, for the motion.
*Phillips* and *Battle*, *contra.*

1. The practice in regard to new trials of "issues" in North Carolina differs from that in England, 2 Hawks, 432, 1 Jon. Eq. 142, and *ante* 261. Here, however, even the English practice has not been pursued on the other side, 6 Madd. 58, 3 Russ. 318. There is no such rule in England in "issues" involving the title to land, as that a second trial is given, as of course. That rule is confined to issues involving the title to an inheritance upon the issue *dev. vel non*, for the reason that such issue *cannot be tried in equity*, and therefore when sent to law, the former Court feels bound by the analogy in eject- ment. Here the issue is one to the trial of which is equity is competent; and as it was a matter of discretion to order even one trial at law, much more so a second. See *Van Alst* v. *Hunter*, 5 J. Ch. 1 52, which collects all the authorities Adams' [249], Smith's Ch. Pr. 2, 74 *et seq.*

2. Peebles' testimony was competent, for he is a party to the record; and were he not, it was so by analogy to, *Satterwhite* v. *Hicks*, Bus. 105, *Marsh* v. *Hampton*, 5 Jon. 382, *Askew* v. *Reynolds*, 1 D. and B. 367. See also *Ward* v. *Sanders*, 6 Ire. 382, *Willie* v. *Farley*, 14 Eng. C. L. 307, Phil. Ev. (Hill and Cowen's notes,) Pt. 1, 271, and cases cited.

PEARSON, C. J. There has been no instance since the insti- tution of the Supreme Court of the State of North Carolina, in which the Court has ordered a new trial in a case at law, or a second trial of an issue directed by the Court acting in equity, upon the ground that the first verdict was against the weight of the evidence.

In a case at law, the Judge of the Superior Court who pre- sides at the trial, and can see and know everything connected with it, and all of the surroundings, has a discretion to order a new trial, if, in his opinion, the verdict be the result of pre- judice, or of surprise, or of inadvertence. In an issue directed by the Court sitting in equity, the very reason for referring

the matter to a jury is, that, because of the imperfect manner of taking depositions, and the impossibility of the Court's deciding on the weight of evidence, when the statement of one witness looks as good on paper as that of another, the Court feels its incompetency to decide between conflicting testimony, and chooses rather to rely on the common sense of a jury, who have the witnesses before them and are supposed to be capable, by observing their looks, demeanor and the effect of cross-examination which can in that mode only be made to have its full force, to arrive at the truth.

So it would be labor lost and a confounding of confusion, should this Court take upon itself the task of going over all of the depositions, and of the statement of the Judge in the Court below (supposing him to be able from his notes to present a full expose of the entire evidence, and of the incidents of the trial) in order to decide the question whether the verdict be against the weight of the evidence.

The fact that this never has been attempted by the Court under its organization as a Supreme Court, and that all of the cases brought before it for review of the "trial of issues," have turned on the admissibility of evidence, or the instructions of the Judge to the jury, (*Jones* v. *Zollicoffer*, 2 Hawks, 492, *Reid* v. *Barnhardt*, 1 Jon. Eq., 142,) settles our practice, and we are not disposed to depart from it, as by the Constitution and the Code of Civil Procedure provision is made to prevent the question from being again presented. In regard to the practice in England, and how far this Court has felt itself bound by the analogies furnished by the decisions in that country, we refer to the brief of plaintiff's counsel and to the authority and reasoning there cited and relied on, with the remark that the most fruithful source "of issues sent out of chancery," to-wit: cases of devises where the inheritance is in question, has from an early day in this State been regulated by Statute.

The declarations of Joseph Peebles were competent evidence against him. But we can find no authority or principle on which to hold these declarations competent against his co-de-

fendant Horton. In fact Joseph Peebles has no substantial interest in the result of this suit. So the question is, ought his declarations, in his own favor at the time when made, to have been allowed to go to the jury to the prejudice of Horton; who, although he claims under him, by a deed subsequently made, has no joint interest with him in the land, and is directly concerned to prove that the declarations were untrue. The cases cited by the plaintiff's counsel do not sustain the competency of this evidence, and it is clearly against principle to allow it to affect Horton.

For error in allowing it to affect the issue as against Horton, there will be a new trial; and to avoid a like complication of evidence, competent as to one and not competent as to the other defendant, the issues will be made as between the plaintiff and Horton, omitting Joseph Peebles.

PER CURIAM.                                     New trial.